CV 14     3822

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X 2  PM 2: 52

MIGUEL DELGADO,

          Plaintiff,   **COMPLAINT**

               Index No.:

  -against-

               <u>Jury Trial Demanded</u>

CITY OF NEW YORK, SEAN CALLENDER, Individually, JOHN
or JANE DOE 1 through 10, Individually, and in their official
capacities, (the names John or Jane Doe being fictitious, as the true
names are presently unknown),



          Defendants.

----------------------------------------------------------------------X

    Plaintiff MIGUEL DELGADO, by his attorneys, Leventhal & Klein, LLP, complaining

of the defendants, respectfully alleges as follows:

<u>**Preliminary Statement**</u>

   1.   Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.

<u>**JURISDICTION**</u>

   2.   This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

   3.   Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

<u>**VENUE**</u>

   4.   Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff MIGUEL DELGADO is a thirty-seven year old resident of Staten Island, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, SEAN CALLENDER, and JOHN or JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

12.     On July 7, 2011 at approximately 3:40 a.m., plaintiff MIGUEL DELGADO was lawfully present inside a commercial establishment which was open to the public located at 933 McDonald Avenue, Brooklyn, New York.

13.     At approximately 3:40 a.m., other civilians present became engaged in a physical altercation.  DELGADO was not a participant in the altercation and attempted to leave the premises.  When DELGADO exited said location, he observed NYPD police officers outside said location, on the sidewalk.  Said NYPD officers told DELGADO to go back inside the premises.

14.     DELGADO complied with the officers' order and re-entered the premises.

15.     Approximately fifteen minutes later, DELGADO again attempted to exit the premises.  Upon exiting, DELGADO again observed NYPD police officers on the sidewalk.  Said NYPD officers told DELGADO to go back inside the premises.

16.     DELGADO again re-entered the premises.

17.     Approximately twenty minutes later, at approximately 4:15 a.m., DELGADO again attempted to exit the premises.  Upon exiting, DELGADO was immediately approached by defendant CALLENDER who stated, in sum and substance, didn't I tell you to go back inside, get against the wall.

18.     DELGADO complied with CALLENDER'S orders and stood against a wall.  CALLENDER then handcuffed DELGADO.

19.     DELGADO then stated, in sum and substance, what's going on?

20.     In response to DELGADO's question, CALLENDER struck DELGADO in the

3

head, causing DELGADO to fall to the ground.

21.     As a result of CALLENDER's aggressive, violent, and unjustified use of force against DELGADO, CALLENDER caused a canine under his control and/or under defendant JOHN or JANE DOE 1'S control that was responding to CALLENDER'S aggressive conduct to be released and unreasonably ordered to attack DELGADO.

22.     The NYPD canine attacked DELGADO, repeatedly biting DELGADO' S right leg and ankle, causing severe pain and serious injuries, including lacerations.

23.     NYPD officers thereafter transported DELGADO to Coney Island Hospital where he received sutures to repair the lacerations to his leg.

24.     After DELGADO'S release from the hospital, he remained in police custody, and was eventually transported to Kings County Central Booking pending his arraignment on criminal charges.

25.     Plaintiff was arraigned the next day in Kings County Criminal Court under docket number 2011 KN 054294, wherein defendant CALLENDER swore to and signed a criminal court complaint which contained manufactured and false allegations asserted by CALLENDER. Defendant CALLENDER falsely swore that DELGADO "refuse[d] to comply with [CALLENDER'S] orders," that DELGADO "yell[ed] and shout[ed] obscenities thereby riling up the other civilians who were being held at the location," and that DELGADO "resisted a lawful arrest by flailing [his] arms, tensing up, swinging [his] arms in such a way that [CALLENDER] was almost hit several times, and wrestled [CALLENDER] when refusing to get on the ground."

26.     The aforementioned allegations contained in paragraph 25 are false, manufactured, and created by CALLENDER to cover up the above mentioned acts of brutality

4

and abuse of authority, to otherwise avoid punishment for said acts of brutality by the NYPD or other investigative bodies, and pursuant to a custom or practice of falsification.

27.     As a result of the manufactured allegations, plaintiff was arraigned on false charges, to wit: purported violations New York Penal Law Sections 195.05 – Obstructing Governmental Administration in the Second Degree, and 205.40 – Resisting Arrest.

28.     At his arraignment, DELGADO agreed to a plea deal, pleading guilty only to disorderly conduct, a non-criminal disposition that resulted in the charges being dismissed and sealed.

29.     Defendants CALLENDER, and JOHN or JANE DOE 1 either directly participated in the above illegal acts or failed to intervene in them despite a meaningful opportunity to do so.

30.     Defendants JOHN or JANE DOE 2 through 10 supervised defendants CALLENDER, and JOHN or JANE DOE 1.

31.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of falsification, of lax investigations of police misconduct, and of covering up abuse by fellow officers.

32.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force, engage in a practice of falsification, and engage in cover ups of police abuse.

33.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

34.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

35.     As a result of the foregoing, plaintiff MIGUEL DELGADO sustained, *inter alia*, physical injuries which are progressive and apparently permanent, emotional distress, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

36.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "35" with the same force and effect as if fully set forth herein.

37.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

38.     All of the aforementioned acts deprived plaintiff MIGUEL DELGADO of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

6

39.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

40.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

41.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

42.    As a result of the foregoing, plaintiff MIGUEL DELGADO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

43.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.    The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff MIGUEL DELGADO'S constitutional rights.

45.    As a result of the aforementioned conduct of defendants, plaintiff MIGUEL DELGADO was subjected to excessive force and sustained serious physical injuries and

7

emotional distress.

46.     As a result of the foregoing, plaintiff MIGUEL DELGADO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

<h3 align="center">AS AND FOR A THIRD CAUSE OF ACTION<br>(Failure to Intervene under 42 U.S.C. § 1983)</h3>

47.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     Defendants had an affirmative duty to intervene on behalf of plaintiff MIGUEL DELGADO, whose constitutional rights were being violated in their presence by other officers.

49.     The defendants failed to intervene to prevent the unlawful conduct described herein.

50.     As a result of the foregoing, plaintiff MIGUEL DELGADO was subjected to excessive force, he was denied his right to a fair trial, and he was put in fear of his safety.

51.     As a result of the foregoing, plaintiff MIGUEL DELGADO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

<h3 align="center">AS AND FOR A FOURTH CAUSE OF ACTION<br>(Violation of Right to Fair Trial/Fabrication of Evidence under 42 U.S.C. § 1983)</h3>

52.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Defendants created false evidence against plaintiff MIGUEL DELGADO.

54.     Defendants utilized this false evidence against plaintiff MIGUEL DELGADO in legal proceedings.

55.     As a result of defendants' creation and use of false evidence, plaintiff MIGUEL DELGADO suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

56.     As a result of the foregoing, plaintiff MIGUEL DELGADO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

57.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

59.     As a result of the foregoing, plaintiff MIGUEL DELGADO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

60.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

9

61. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

62. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, using excessive force against individuals and then covering up said acts by manufacturing evidence and otherwise engaging in falsification, thereby depriving individuals of their right to a fair trial. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff MIGUEL DELGADO'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

63. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff MIGUEL DELGADO.

64. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff MIGUEL DELGADO as alleged herein.

65. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff MIGUEL DELGADO as alleged herein.

66.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff MIGUEL DELGADO was unlawfully seized, detained, incarcerated, searched, prosecuted, and subjected to physical abuse.

67.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff MIGUEL DELGADO'S constitutional rights.

68.     All of the foregoing acts by defendants deprived plaintiff MIGUEL DELGADO of federally protected rights, including, but not limited to, the right:

        A.     To be free from excessive force;

        B.     To be free from the failure to intervene; and

        C.     To be free from the deprivation of his right to fair trial.

69.     As a result of the foregoing, plaintiff MIGUEL DELGADO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**WHEREFORE**, plaintiff MIGUEL DELGADO demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
July 1, 2014

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff MIGUEL DELGADO
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
BRETT H. KLEIN (BK4744)
JASON LEVENTHAL (JL1067)